PAUL M. WARNER, United States Attorney (No. 3389)
MARK Y. HIRATA, Assistant United States Attorney (No. 5087)
Attorneys for the United States of America
185 South State Street, Suite 400
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

FILED
CLERK, U.S. DISTRICT COURT

2005 DEC -7  P 4: 37

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. |
| Plaintiff, | : | |
| | : | INDICTMENT |
| v. | : | |
| LARRY STODDARD, | : | Viol. 18 U.S.C. § 1347 (Scheme to Commit Health Care Fraud); 18 U.S.C. § 287 (False Claims to the United States); and 18 U.S.C. § 2(a) (Aiding and Abetting) |
| Defendant. | : | |
| | : | |

The Grand Jury charges:

**General Background**

At all times material to this Indictment,

1. Defendant Larry Stoddard was a Utah resident licensed to practice medicine and prescribe controlled substances in Utah. Defendant formed and operated Utah Hyperbaric Oxygen Therapy ("UHOT"). Defendant qualified as an approved health care provider entitled to payment from the Medicare program for covered services provided to qualified beneficiaries.

2. Uncharged co-schemer T.P. ("co-schemer T.P.") was a Utah resident and worked with defendant at UHOT in performing hyperbaric oxygen therapy on Medicare beneficiaries and

1

Judge Tena Campbell
DECK TYPE: Criminal
DATE STAMP: 12/07/2005 @ 15:44:42
CASE NUMBER:  2:05CR00892  TC

billing Medicare for such services.

    3.    The Social Security Act of 1965(Pub. L. No. 89-97, codified at 42 U.S.C. §§ 1395, et seq.), including rules and regulations promulgated thereunder, were in effect and established the Medicare program, a government-sponsored health care program for the elderly. The United States government contributed 100% for the costs of the Medicare program. Some of the individuals for whom defendant provided medical services qualified as beneficiaries under the Medicare program. Claims submitted by the defendant, co-schemer T.P., and others to the Medicare program were received, processed, and authorized for payment by Regence Blue Cross and Blue Shield of Utah ("Regence"), a carrier and fiscal agency of the United States.

    4.    The Medicare program was a "health care benefit program" as that term is defined under 18 U.S.C. § 24(b).

    5.    Hyperbaric oxygen therapy consisted of exposing the entire body to 100 percent oxygen at greater than atmospheric pressure. During the therapy, the patient was typically placed in a monoplace chamber which was thereafter filled with pressurized oxygen. Such therapy was typically used by defendant to treat the following conditions, among others: acute carbon monoxide intoxication, decompression illness, and progressive necrotizing infections.

    6.    Under Medicare rules and regulations, Medicare covered hyperbaric oxygen therapy services performed by a licensed physician on a qualified beneficiary or hyperbaric oxygen therapy services performed by non-licensed physician personnel if performed under the on-site supervision of a licensed physician. The appropriate current procedural technology code ("CPT code") for this service, if performed as required by Medicare, was 99183 (hereafter, "CPT 99183") and was generally described as physician attendance and supervision of hyperbaric

oxygen therapy.

## The Scheme and Artifice to Commit Health Care Fraud

7. From in or around February 2002 to in or around September 2003,

**LARRY STODDARD,**

defendant herein, co-schemer T.P., and others knowingly and willfully devised and intended to devise a scheme and artifice to defraud the Medicare program, a health care benefit program, and to obtain from such health care benefit program by means of false and fraudulent pretenses, representations, and promises money and property owned by and under the custody and control of such health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services, in that defendant, co-schemer T.P., and others falsely represented in claims submissions to the Medicare program that hyperbaric oxygen therapy services were performed by defendant, or under the proper on-site supervision of a licensed physician, resulting in payments from the Medicare program to which defendant, co-schemer T.P., and others were not entitled.

8. It was part of the scheme and artifice to defraud that Medicare beneficiaries were initially examined and diagnosed by defendant. Defendant thereafter recommended hyperbaric oxygen therapy for most of his patients and referred them to co-schemer T.P. and others for hyperbaric oxygen therapy. Acting at defendant's direction, co-schemer T.P. and others performed such therapy using a monoplace chamber without the on-site supervision of defendant or any other licensed physician.

9. It was further part of the scheme and artifice to defraud that co-schemer T.P. and others, acting at defendant's direction and authorization, prepared and submitted claims to the

Medicare program using, among other procedure codes, CPT 99183. Such claims, submitted under defendant's name and provider number, falsely represented to the Medicare program that hyperbaric oxygen therapy services had been performed by defendant or by co-schemer T.P. and others under the proper on-site supervision of defendant or any other licensed physician, resulting in payments from the Medicare program to which the defendant, co-schemer T.P., and others were not entitled.

**Counts 1 through 8**
**18 U.S.C. § 1347**
**(Scheme and Artifice to Commit Heath Care Fraud)**

10. The Grand Jury incorporates and realleges the allegations contained in paragraphs 1 through 9 above.

11. From in or around February 2002 to in or around September 2003, in the Central Division of the District of Utah,

**LARRY STODDARD,**

defendant herein, co-schemer T.P., and others, knowingly and willfully, for the purpose of executing a scheme and artifice to defraud and to obtain by means of false and fraudulent pretenses, representations, and promises, money and property owned by and under the custody and control of a health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services, executed and caused the following acts, among others, in furtherance of the scheme to defraud a health care benefit program:

| Count | Patient/ Date of Service (on or about) | Health Care Benefit Program/ Date Claim Submitted or Received (on or about) | False Statements in Claim |
|---|---|---|---|
| 1 | Patient 1 (V.J.) 02/18/02 | Medicare 05/06/02 | CPT 99183 (falsely representing hyperbaric oxygen therapy performed by defendant or by non-physician personnel under a licensed physician's on-site supervision) |
| 2 | Patient 2 (R.H.) 03/29/02 | Medicare 05/02/02 | CPT 99183 (falsely representing hyperbaric oxygen therapy performed by defendant or by non-physician personnel under a licensed physician's on-site supervision) |
| 3 | Patient 3 (M.S.) 05/20/02 | Medicare 06/21/02 | CPT 99183 (falsely representing hyperbaric oxygen therapy performed by defendant or by non-physician personnel under a licensed physician's on-site supervision) |
| 4 | Patient 4 (F.B.) 08/20/02 | Medicare 09/17/02 | CPT 99183 (falsely representing hyperbaric oxygen therapy performed by defendant or by non-physician personnel under a licensed physician's on-site supervision) |
| 5 | Patient 5 (P.J.) 07/18/02 | Medicare 11/13/02 | CPT 99183 (falsely representing hyperbaric oxygen therapy performed by defendant or by non-physician personnel under a licensed physician's on-site supervision) |

| Count | Patient/ Date of Service (on or about) | Health Care Benefit Program/ Date Claim Submitted or Received (on or about) | False Statements in Claim |
|---|---|---|---|
| 6 | Patient 6 (W.M.) 06/30/03 | Medicare 07/17/03 | CPT 99183 (falsely representing hyperbaric oxygen therapy performed by defendant or by non-physician personnel under a licensed physician's on-site supervision) |
| 7 | Patient 6 (W.M.) 07/03/03 | Medicare 07/17/03 | CPT 99183 (falsely representing hyperbaric oxygen therapy performed by defendant or by non-physician personnel under a licensed physician's on-site supervision) |
| 8 | Patient 7 (H.B.) 08/05/03 | Medicare 08/26/03 | CPT 99183 (falsely representing hyperbaric oxygen therapy performed by defendant or by non-physician personnel under a licensed physician's on-site supervision) |

All in violation of 18 U.S.C. §§ 1347, 2(a).

**Counts 9 through 12**
**18 U.S.C. § 287**
**(False Claims to the United States)**

12.   The Grand Jury incorporates and realleges the factual allegations contained in paragraphs 1 through 9 above.

13.   On or about each of the dates identified below, in the Central Division of the District of Utah,

**LARRY STODDARD,**

defendant herein, co-schemer T.P., and others knowingly made or caused to be made, false,

fictitious, or fraudulent claims identified below to Regence, a fiscal agency of the United States, in that defendant, co-schemer T.P., and others misrepresented on claims that defendant had performed hyperbaric oxygen treatment therapy or that co-schemer T.P. and others performed such therapy under the proper on-site supervision of a licensed physician, knowing full well that such services either were not performed by defendant or without defendant's proper on-site supervision, resulting in payments from the Medicare program to which defendant, co-schemer T.P., and others were not entitled. Such claims included, but are not limited to, the following:

| Count | Patient/ Date of Service (on or about) | Government Program/ Date Claim Received (on or about) | False Statement in Claim |
|---|---|---|---|
| 9 | Patient 3 (M.S.) 06/14/02 | Medicare 06/21/02 | CPT 99183 (falsely representing hyperbaric oxygen therapy performed by defendant or by non-physician personnel under a licensed physician's on-site supervision) |
| 10 | Patient 4 (F.B.) 09/11/02 | Medicare 09/17/02 | CPT 99183 (falsely representing hyperbaric oxygen therapy performed by defendant or by non-physician personnel under a licensed physician's on-site supervision) |
| 11 | Patient 4 (F.B.) 10/20/02 | Medicare 10/30/02 | CPT 99183 (falsely representing hyperbaric oxygen therapy performed by defendant or by non-physician personnel under a licensed physician's on-site supervision) |

7

| Count | Patient/<br>Date of Service<br>(on or about) | Government Program/<br>Date Claim Received<br>(on or about) | False Statement in Claim |
|---|---|---|---|
| 12 | Patient 5 (P.J.)<br>11/12/02 | Medicare<br>11/21/02 | CPT 99183 (falsely representing hyperbaric oxygen therapy performed by defendant or by non-physician personnel under a licensed physician's on-site supervision) |

All in violation of 18 U.S.C. §§ 287, 2(a).

A TRUE BILL:

/S/
_____
FOREPERSON OF THE GRAND JURY


PAUL M. WARNER
United States Attorney


_____
MARK Y. HIRATA
Assistant United States Attorney