STEPHEN J. SORENSON, Acting United States Attorney (No. 3049)
MARK Y. HIRATA, Assistant United States Attorney (No. 5087)
Attorneys for the United States of America
185 South State Street, Suite 400
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

MAY 02 2006

MARKUS B. ZIMMER, CLERK
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:05-CR-00892TC |
| Plaintiff, | : | |
| v. | : | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY |
| LARRY STODDARD, | : | |
| Defendant. | : | Judge Tena Campbell |
| | : | |

I, LARRY STODDARD, hereby certify that I have been advised of and that I understand the following facts and rights. I further certify that I have had the assistance of counsel in reviewing and completing this form.

1.  The nature of the charges against me have been explained. I have had an opportunity to discuss the nature of the charges with my attorney. I understand the charges and what the Government is required to prove in order to convict me.

2.  I know that the maximum possible penalty against me provided by law for pleading guilty to Count 1 of the Indictment in violation of 18 U.S.C. § 1347 (Health Care Fraud) is a term of imprisonment of ten (10) years and a fine of $250,000 (or not more than twice the

1

gross gain resulting from the offense), or both, and a term of supervised release of three (3) years. I understand that if the supervised release term is violated, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3). Additionally, I know that the Court is required to impose a special assessment in the amount of $100.00 for the offense of conviction and that restitution to the victim of my offense shall be ordered pursuant to 18 U.S.C. § 3663A.

3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these facts with my attorney. I further know that the final calculation by the Court for sentencing purposes may differ from any calculation the Government, my attorney, or I may have made, and I will not be able to withdraw my plea in spite of that fact.

4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5. I know that I have a right to plead "Not Guilty", and I know that if I do plead "Not Guilty", I can persist in that plea.

6. I know that I have a right to a trial by jury, and I know that if I were to stand trial by a jury:

    a. I have a right to the assistance of counsel at every stage of the proceeding.

    b. I have a right to see and observe the witnesses who testify against me.

    c. My attorney can cross-examine all witnesses who testify against me.

    d. I can call the witnesses I want to call, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I

cannot afford to pay for the appearance of a witness and mileage fees, the Government will pay them.

e. I cannot be forced to incriminate myself and I do not have to testify at any trial.

f. If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

g. The Government must prove each and every element of the offense charged against me beyond a reasonable doubt.

h. It requires a unanimous verdict of a jury to convict me.

i. If I were to be convicted, I can appeal, and if I cannot afford to appeal, the Government would pay the costs of the appeal including the services of appointed counsel.

7. I know that under a plea of guilty, there will not be a trial of any kind. By pleading guilty, I waive the right to a trial by jury.

8. I know there is no appellate review of any lawful sentence imposed under a plea of guilty. I also know I may appeal the sentence imposed upon me in this case only if the sentence is imposed in violation of law or, in light of the factors listed in 18 U.S.C. § 3553(a), the sentence is unreasonable.

9. I know the Government may appeal the sentence imposed upon me in this case only if the sentence is impose in violation of law or, in light of the factors listed in 18 U.S.C. § 3553(a), the sentence is unreasonable.

10. I know that under a plea of guilty, the judge may ask me questions under oath, on the record, and in the presence of counsel about the offense to which the plea is entered. The questions, if so asked, must be answered by me, and if I give false answers, I can be prosecuted for perjury.

11. The only terms and conditions pertaining to this plea agreement between the defendant and the Government are as follows:

    a. The defendant agrees to:

        (1) Enter a plea of "Guilty" to Count 1 of the Indictment.

        (2) Pay full restitution, as determined by the Court at sentencing.

        (3) Cooperate fully with the Government in the investigation and prosecution of all persons, involved or otherwise related to the matters for which the defendant is being prosecuted, for violations of federal criminal laws, and other pending investigations in the District of Utah. Such cooperation will include:

            (a) Providing truthful and complete information and testimony about all persons, activities, and discussions involving such matters; and

            (b) Providing all records and documents requested by the Government.

    b. The Government agrees to:

        (1) Recommend that the defendant receive credit for acceptance of responsibility, dependent upon the appropriate offense level, if the defendant demonstrates an acceptance of responsibility for this offense by virtue of his conduct up to and including the time of sentencing. If, in the opinion of the United States Attorney's Office, the defendant fails to demonstrate an acceptance of responsibility for this offense, the Government will not recommend the reduction of the applicable guideline range. If the Government does not make a recommendation for acceptance of responsibility due to the defendant's failure to accept responsibility for this offense, it will **NOT** be a basis for the defendant to withdraw the guilty plea.

        (2) Provide the defendant an opportunity to provide substantial cooperation, both in connection with the present action and any future matter pursued by the Government, in order to merit consideration for a downward departure under U.S.S.G § 5K1.1. The Government reserves the <u>sole discretion</u> to determine whether

the defendant's cooperation has been substantial and whether it will file a motion for downward departure. Following the entry of the guilty plea and if necessary, the Government will move the Court for an order continuing sentencing to afford the defendant additional time to provide said cooperation.

 (4) Seek leave of Court at sentencing to dismiss counts 2 through 12 of the Indictment.

12. The facts to which the parties stipulate are true and which support the defendant's plea of "Guilty" are:

From around April 2001 to around September 2003 ("fraud period"), the defendant, and others, knowingly and willfully devised a scheme and artifice to defraud health care benefit programs and to obtain from such programs by means of false and fraudulent pretenses, representations, and promises money under the custody and control of such health care benefit programs, in connection with the delivery of and payment for health care benefits, items, and services, in that the defendant falsely represented in claims submissions to health care benefit programs that the hyperbaric oxygen therapy services were performed by the defendant or by a non-physician under the defendant's direct supervision, resulting in payments from health care benefit programs to which the defendant and others were not entitled.

Throughout the fraud period:

Defendant associated with Teri Pearce, K.H., and Robert Ballou in connection with the performance of and billing for hyperbaric oxygen therapy services.

Defendant was licensed to practice medicine and prescribe controlled substances in Utah and qualified as an approved health care provider entitled to payment from government programs (including the Medicare and Medicaid programs) and private insurers for covered services provided to qualified beneficiaries. The foregoing programs and insurers were "health care benefit programs" as that term is defined under 18 U.S.C. § 24(b).

Hyperbaric oxygen therapy consisted of exposing the entire body to 100 percent oxygen at greater than atmospheric pressure. During the therapy, the patient was typically placed in a monoplace chamber which was thereafter filled with pressurized oxygen. Such therapy was typically used by the defendant to treat the following conditions, among others: acute carbon monoxide intoxication, decompression illness, and progressive necrotizing infections.

The health care benefit programs paid for hyperbaric oxygen therapy services performed by a licensed physician on a qualified beneficiary. These programs also paid for hyperbaric oxygen therapy services performed by non-licensed physician personnel on a qualified beneficiary <u>if performed under the direct supervision of a licensed physician</u>. The appropriate current procedural technology code ("CPT code") for this service, if performed as required, was 99183 (hereafter, "CPT 99183").

It was a part of the artifice and scheme to defraud health care benefit programs that:

Patients, most of whom were qualified beneficiaries of health care benefit programs, were initially examined and diagnosed by the defendant. Defendant thereafter recommended hyperbaric oxygen therapy for most of his patients. Acting at the defendant's direction and under his control, Teri Pearce and others performed such therapy using a monoplace chamber and without the defendant's direct supervision or the direct supervision of a licensed physician.

Teri Pearce, acting at the defendant's direction and under his control, prepared and submitted claims to health care benefit programs using, among other procedure codes, CPT 99183. Such claims, submitted under the name and provider number of the defendant, falsely represented to health care benefit programs that hyperbaric oxygen therapy services had been performed by the defendant or by Teri Pearce and others under the direct supervision of the defendant or a licensed physician, resulting in payments from health care benefit programs to which Teri Pearce, the defendant, and others were not entitled.

Defendant caused the following act, among others, in furtherance of the scheme to defraud health care benefit programs:

| Patient/Provider/ Dates of Service (on or about) | Health Care Benefit Program/ Date Claim Submitted or Received (on or about) | False Statements in Claim |
| --- | --- | --- |
| Patient 1 (V.J.) Defendant 02/18/02 | Medicare 05/06/02 | CPT 99183 (falsely representing hyperbaric oxygen therapy performed by the defendant or by non-physician personnel under a licensed physician's on-site supervision) |

The above acts were committed in the District of Utah.

13. I understand that if I knowingly violate any local, state, or federal law between

6

now and the time of my sentencing, such offense may constitute a violation of this plea agreement. I also understand that the Court will decide whether a violation of the plea agreement has occurred. If the Court finds that I have breached this agreement by violating any law, I understand that the Court may relieve the Government of all obligations and commitments in this plea agreement while leaving intact my plea of "Guilty".

14. I understand that the Court can make no decision as to what the sentence will be until the Presentence Report has been received and reviewed by the judge. I further understand that the Court is not obligated in any way to follow the recommendation of the Government concerning sentencing matters. If the Court does not follow the Government's recommendation, I know that I will not be allowed to withdraw my plea of "Guilty".

15. I understand that the Court can and will consider all available information in determining my sentence. I also understand that if I am sentenced to prison, such information may be considered by prison officials in making decisions concerning my incarceration.

16. I know I have a right to ask the Court any questions I wish to ask concerning my rights, or about these proceedings and my plea.

\* \* \*

I make the following representations to the Court:

1. I am __53__ years of age.
2. My education consists of __20 years (M.D.)__.
3. I can read and understand English.
4. No threats or promises of any sort have been made to me to induce me or to persuade me to enter this plea.

7

5. No one has told me that I would receive probation or any other form of leniency because of my plea.

6. I have discussed this case and this plea with my lawyer as much as I wish to.

7. I am satisfied with my lawyer.

8. My decision to enter this plea was made after full and careful thought, with the advice of my lawyer, and with a full understanding of my rights, the facts and circumstances of the case, and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when the decision to enter the plea was made, and I am not now under the influence of any drugs, medication, or intoxicants.

9. I have no mental reservations concerning the plea.

10. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I wish to make no changes because all of the statements are correct.

DATED this 2nd day of May, 2006.

_____
LARRY STODDARD
Defendant

Attorney Certification

I certify that I have discussed this statement with the defendant; that I have fully explained his rights to him and have assisted him in completing this form. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this 2nd day of May, 2006.

_____
JEREMY DELICINO
Attorney for Defendant

I certify that this statement sets forth the entire agreement entered into by the Government.

DATED this 2nd day of May, 2006.

STEPHEN J. SORENSON
Acting United States Attorney

_____
MARK Y. HIRATA
Assistant United States Attorney