BRETT L. TOLMAN, United States Attorney (No. 8821)
MARK Y. HIRATA, Assistant United States Attorney (No. 5087)
Attorneys for the United States of America
185 South State Street, #400
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

_____

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION
_____

| UNITED STATES OF AMERICA, | : | Case No. 2:05-CR-00892-TC |
|---|---|---|
| Plaintiff, | : | |
| v. | : | UNITED STATES' RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM |
| LARRY STODDARD, | : | |
| | | Judge Tena Campbell |
| Defendant. | : | |

_____

The United States of America, by and through Assistant United States Attorney Mark Y. Hirata, submits the following response to the Defendant's Sentencing Memorandum ("Defendant's Memo") in the above-captioned action.

**ARGUMENT**

**I. DEFENDANT HAS NOT DEMONSTRATED AN EXTRAORDINARY PHYSICAL IMPAIRMENT TO WARRANT A DOWNWARD DEPARTURE UNDER U.S.S.G. § 5H1.4**

As documented in the Presentence Report, the defendant suffers from the following three medical conditions: trigeminal neuralgia, abdominal angina, and chronic sinusitis. Presentence Report, ¶ 42. Defendant treats the foregoing conditions through a series of daily medications. Id. The government is not aware of any other needs which the Bureau of Prisons would be required tend to and accommodate during any period of incarceration potentially ordered by the Court,

except for the defendant's vague reference in his sentencing memorandum to "his frequently needed medical care." Defendant's Memo, p. 8. As demonstrated below, the defendant's need for medication is not a basis for a downward departure in this case.

The policy statement of U.S.S.G. § 5H1.4 states, in relevant part:

> Physical condition or appearance, including physique, is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range. However, an extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range; e.g., in the case of a seriously infirm defendant, home detention may be efficient as, and less costly than, imprisonment.

The Tenth Circuit has held that a downward departure based on an application of Section 5H1.4 requires the district court to make the following two factual findings: (1) that the defendant's physical and/or mental disabilities constitute an "extraordinary physical impairment"; and (2) that such impairment warrants a "shorter term of imprisonment or an alternative to confinement". United States v. Slater, 971 F.2d 626, 635 (10th Cir. 1992)(citation omitted); United States v. Fisher, 55 F.3d 481, 485 (10th Cir. 1995)(quoting Slater); see also United States v. Collins, 122 F.3d 1297, 1307 (10th Cir. 1997).

Defendant's medical condition does not approach the extraordinary physical impairments involved in Fisher (total lower body paralysis and decubitus ulcers needing bladder and colostomy treatments) Collins (heart disease, high blood pressure, ulcers, arthritis, and prostatitis potentially requiring intrusive surgery). Similarly, the cases cited and relied upon by the defendant involved medical conditions which required significant medical attention and care. See, e.g., United States v. Rabins, 63 F.3d 721, 733-35 (8th Cir. 1995)(HIV-positive condition); United States v. Little, 736 F.Supp. 71, 72-73 (D.N.J. 1990)(chronic obstructive pulmonary disease); United States v. McClean, 822 F.Supp. 961, 962 (E.D.N.Y. 1993)(BOP refused metal

2

crutches (a high safety risk) needed by inmate polio condition); United States v. Maltese, 1993 WL 222350 at 10 (N.D. Ill. 1993)(liver cancer); United States v. Hammond, 37 F.Supp. 2d 204, 206-207 (E.D.N.Y. 1999)(advanced HIV). Moreover, cases are legion that the need for medication is not an extraordinary physical impairment warranting a downward departure under Section 5H1.4. See, e.g., United States v. LeBlanc, 24 F.3d 340, 348-49 (1st Cir. 1994)(heart condition adequately treated with medication); United States v. Rosales-Valdez, 375 F.Supp. 2d 1165, 1171-72 (D.N.M. 2005)(medication adequate to address condition - - recommendation to BOP medical facility appropriate); United States v. Bruce, 909 F.Supp. 1034, 1045 (N.D. Ohio 1995)(atrial fibrillation controlled through medication); United States v. Monroe, 106 Fed. App. 604, 605 (CTA-9 August 9, 2004)(kidney disease largely controlled with medication, with intermittent flare-ups); United States v. Paulk, 1994 WL 32674 at 3 (CTA-6 February 4, 1994)(depression and high blood pressure met through medication); United States v. Gallego, 1992 WL 366059 at 1 (CTA-1 December 14, 1992)(epilepsy controlled through proper taking of medication). Finally, the government has requested USPO Wendy White to have available at the sentencing a list of BOP medical facilities which are available to address the defendant's medical needs.

Defendant's request for a downward departure under Section 5H1.4 should be denied.

**II.     DEFENDANT'S ROLE AS PRIMARY CARETAKER FOR HIS 18-YEAR OLD SON IS NOT A BASIS FOR A DOWNWARD DEPARTURE UNDER U.S.S.G. § 5H1.6**

Defendant states in his sentencing memorandum that he is the sole caretaker for his son Andrew's medical needs stemming from his Muscular Dystrophy condition. No additional explanation is provided as to what the defendant's role requires nor whether his wife or any other

3

family member or relative is available to care for Andrew in the defendant's absence. Regardless, the Tenth Circuit has made clear that a downward departure is generally not warranted under Section 5H1.6 (discussing family ties and responsibilities) based upon a defendant's caretaking responsibilities to his children or relatives.  See, e.g., United States v. Archuleta, 128 F.3d 1446, 1451-52 (10th Cir. 1997)(defendant's care and support of two children and diabetic mother not basis for departure); United States v. Rodriguez-Velarde, 127 F.3d 966, 968-69 (10th Cir. 1997)(noting other circuits holding that status as a single parent not an extraordinary family circumstance warranting departure); United States v. Webb, 49 F.3d 636, 638-39 (10th Cir. 1995)(defendant's role as "sole caretaker" and the child's need "to be taken care of" not an extraordinary circumstance).  Even assuming the defendant were a single parent, which he is not, Andrew's needs are not an extraordinary family circumstance which justify a downward departure in this case.

Defendant's request for a downward departure under Section 5H1.6 should also be denied.

DATED this 27th day of September, 2006.

BRETT L. TOLMAN
United States Attorney

MARK Y. HIRATA
Assistant United States Attorney

**_____Certificate of Service**

I certify that on the 27th day of September, 2006, I caused to be served, via facsimile transmission, a copy of the foregoing UNITED STATES' RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM to the following:

>Wendy White, USPO
>OFFICE OF PROBATION AND PRETRIAL SERVICES
>160 U.S. Courthouse
>350 South Main Street
>Salt Lake City, UT   84101
>
>Jeremy Delicino, Esq.
>McCAUGHEY & METOS
>10 West Broadway, #650
>Salt Lake City, UT   84101

_____/S/ Erica Suarez_